UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE | Case No. 16-00064-TLM |
| SAITO BROS INC., | Chapter 7 |
| Debtor. | |
| JANINE P. REYNARD, | |
| Plaintiff, | |
| v. | Adv. Case No. 16-06015-TLM |
| JOHN M. KARASS, JOHN M. KARASS, ESQ. PLLC, STEVE DAVIS, AND DOES 1-5, | |
| Defendants, | |
| STEVE DAVIS, | |
| Counter-Claimant, | |
| v. | |
| JANINE P. REYNARD, | |
| Counter-Defendant, | |
| STEVE DAVIS, | |
| Cross-Claimant, | |
| v. | |

MEMORANDUM OF DECISION - 1

|  |  |
|---|---|
| **JOHN M. KARASS,** | ) |
| | ) |
| Cross-Defendant. | ) |
| _____ | ) |
| | ) |
| **STEVE DAVIS,** | ) |
| | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| | ) |
| **THOMAS S. MONSON; BUTCH** | ) |
| **OTTER; DALE PEARCE;** | ) |
| **CORPORATION OF THE** | ) |
| **PRESIDENT OF THE LDS** | ) |
| **CHURCH; DESERET** | ) |
| **MANAGEMENT CORPORATION;** | ) |
| **JOHN STEINER; JR SIMPLOT** | ) |
| **COMPANY; MCCLAIN BYBEE;** | ) |
| **MAURICE ELLSWORTH; RON** | ) |
| **MANN; MARK PERRY; TREVOR** | ) |
| **HART; MIKE KULCHAK; MIKE** | ) |
| **CHASE; RAY SAITO; RORY** | ) |
| **JONES; JOHN HARRELL;** | ) |
| **KENNETH KEMPTON; YALE** | ) |
| **WHITMER; and DOES 1-50,** | ) |
| | ) |
| Third Party Defendants. | ) |
| _____ | ) |

## MEMORANDUM OF DECISION
_____

Before the Court are the motions of several third-party defendants requesting dismissal of the third-party complaint filed by *pro se* defendant, counterclaimant, cross-claimant and third-party plaintiff, Steve Davis ("Davis"), and also Davis's motion to strike the trustee's answer to his counterclaim. For the

MEMORANDUM OF DECISION - 2

reasons set forth below, Davis's third-party complaint against all third-party defendants will be dismissed, and Davis's motion to strike will be denied.

## BACKGROUND AND FACTS

On January 21, 2016, Saito Bros Inc. ("Debtor") filed a petition for bankruptcy relief under chapter 11.[1]  At the time of filing, John M. Karass was Debtor's counsel.  On February 26, 2016, the case was converted to chapter 7 and assigned to chapter 7 trustee Janine Reynard ("Trustee").[2]

On May 23, 2016, Reynard filed an adversary proceeding against John M. Karass and his law firm, John M. Karass ESQ, PLLC (collectively "Karass"), seeking to recover $40,000 paid to Karass prior to bankruptcy and held in his client trust account.  Adv. Doc. No. 1.[3]  Trustee named Davis and Alan Saito

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101-1532.  All references to "Rule" are to the Federal Rules of Bankruptcy Procedure, and those to "Civil Rule" are to the Federal Rules of Civil Procedure.

[2] At hearing, Davis made several comments questioning the ability of Ms. Reynard to act as trustee.  The docket in the underlying bankruptcy case reflects the Court ordered the case converted and directed that "[a] chapter 7 trustee shall be appointed."  Doc. No. 45 (February 26 Order).  Appointment of trustees is done by the United States Trustee ("UST"), not by the Court.  *See* § 701; *see also* 28 U.S.C. § 586.  The docket entry for that order indicated that Noah Hillen was appointed.  *Id.*  This designation automatically occurs through a computerized selection program used by the UST and the Court.  Here, as is occasionally the case, the UST requested an alternate selection.  An unnumbered notice posted to the docket on February 26, five minutes after the docketing of Doc. No. 45, reflected the appointment of Ms. Reynard.  She is the trustee in this case and was properly noticed out as such.  *See* Doc. No. 53-2 (Notice of Chapter 7 Bankruptcy Case listing Ms. Reynard as the trustee).

[3] Filings in the underlying bankruptcy case are designated by "Doc. No." and those in this adversary proceeding by "Adv. Doc. No."

MEMORANDUM OF DECISION - 3

("Saito")[4] as defendants based on assertions or contentions that they or others provided the funds to Karass and that the same were not property of the bankruptcy estate. Trustee sought a declaratory judgment that the funds were property of the estate and neither Saito nor Davis had an interest in them.

Karass conceded he was not entitled to keep the funds and turned the funds over to Trustee. Saito stipulated that he did not provide the funds, and claimed no interest in them, and was consequently dismissed. Adv. Doc. Nos. 8 (stipulation), 9 (notice of dismissal), and 10 (order of dismissal).[5]

On July 7, Davis filed an answer to the complaint, a counterclaim against Trustee, and a cross-claim against Karass. Adv. Doc. No. 18.[6] On August 10, Davis filed a third-party complaint, Adv. Doc. No. 39 ("TPC") against nineteen entities and individuals ("Third-party Defendants").[7] The nature and content of this filing by Davis is, at best, rambling and confusing. He does state, though, that

---

[4] Saito executed the chapter 11 petition as president of Saito Bros Inc., and the corporate resolution authorizing filing of the case as its president and sole shareholder. Doc. Nos. 4, 31.

[5] Saito was represented by counsel at this time. That attorney later withdrew. Despite no longer being a party to this adversary proceeding after June 3, Saito has signed certain documents and papers filed by Davis.

[6] This filing also purports to be made by Saito. However, he was previously dismissed from the action. The Court views it as a filing solely by Davis. *See* Adv. Doc. No. 24 at 3–4 (summary order rejecting Saito's desire or "election" to participate further in the adversary proceeding).

[7] They are: Thomas S. Monson; Idaho Governor Butch Otter; Dale Pearce; Corporation of the President of the LDS Church; Deseret Management Corporation; John Steiner; JR Simplot Company; McClain Bybee; Maurice Ellsworth; Ron Mann; Mark Perry; Trevor Hart; Mike Kulchak; Mike Chase; Ray Saito; Rory Jones; John Harrell; Kenneth Kempton; and Yale Whitmer.

MEMORANDUM OF DECISION - 4

he seeks in his suit "an order recovering damages and loss of business revenue by [*sic*, from] certain parties directly and indirectly connected to Saito Bros. Inc.[.]" *Id.* at 1. Davis also seeks:

> a declaratory judgment, with penalties and sanctions imposed on Trustee and Karass, plus against the co-operation by all the 3rd Party Defendants, who have acted and conducted themselves against Davis, with several for years [*sic*]. Davis claims all Defendants have been influenced against Davis since 1) his aloe vera companies successfully sued Zions First National Bank in Provo, Utah in 1993 . . . for embezzlement, and 2) leaders of the LDS Church and other powerful entities stole his valuable gold mine and gold future contract. Thereafter, [the church] has done everything possible, since 2010 to the present, to remove any and all claims by Davis and to defame his name for financial and personal gain.

*Id.* at 3–4.[8] Davis's TPC also asserts a civil RICO action, and tort claims ("abuse," fraud, slander, negligence, intentional infliction of emotional distress), and "equitable relief" including asking this Court to instruct the IRS to audit the Third-party Defendants. *Id.* at 18–22.

Third-party Defendants Pearce, J.R. Simplot Co., Bybee, Corporation of the President of the LDS Church, Deseret Management Corporation, Monson, Hart, Perry, Kulchak, Chase, Jones, Ellsworth, and Ray Saito filed motions to dismiss Davis's TPC.[9] Some also objected to Davis's requests for entry of default. Davis

---

[8] This and other filings by Davis refer to and discuss, though incoherently, several decades of purported abuses by seemingly unrelated parties. The allegations refer to several different sources of claims (the gold mining and gold futures, his aloe vera operations, retaliation for Davis's disagreements with church teachings, mining and processing volcanic cinders, etc.) with varying levels and circumstances of involvement by the Third-party Defendants and others.

[9] Some named Third-party Defendants did not respond to Davis's complaint, or seek to
(continued...)

MEMORANDUM OF DECISION - 5

filed a "motion to strike" Trustee's answer and the filings by all the Third-party Defendants. Adv. Doc. No. 102 ("Motion to Strike").

Hearing was held on October 24, 2016, on all these matters, and the Court took the same under advisement.

## DISCUSSION AND DISPOSITION

### A.    Standards for *pro se* litigants

The Court makes "reasonable allowances" for *pro se* litigants and construes their pleadings and papers liberally. *See, e.g., Hyatt v. Hyatt (In re Hyatt)*, 2011 WL 6179267 at *4 (Bankr. D. Idaho Dec. 13, 2011). Nevertheless, it is still the *pro se* litigant's burden to establish a proper legal basis for any relief sought or defense raised, and to follow the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules. *See, e.g., Arnold v. Gill (In re Arnold)*, 252 B.R. 778, 781 n.2 (9th Cir. BAP 2000) ("Pro se appellants are accorded some leeway, but cannot ignore the Code and Rules, and the rules of this court.").

Thus, while the Court has attempted to liberally interpret what Davis has filed and alleged, it must still apply the rules of practice and procedure to what

---

[9] (...continued)
join in the dismissal motions. However, the Court finds, based upon the pleadings and record, that all Third-party Defendants are similarly situated insofar as the legal issues presented by the motions are concerned. In the interests of judicial economy and in order for the Court to carry out the provisions of the Code, this Decision pertains and will apply to all Third-party Defendants listed in Davis's TPC. *See* § 105(a).

MEMORANDUM OF DECISION - 6

now appears before it. The Third-party Defendants make several arguments under such rules, including Civil Rule 14 as to the TPC and Civil Rule 12(f) as to the Motion to Strike.[10]

### B. Civil Rule 14

The Third-party Defendants argue that Davis's claims are subject to dismissal because they are not proper third-party claims under Civil Rule 14, which provides: "A defending party may, as third-party plaintiff, serve a summons and compliant on a non-party *who is or may be liable to it for all or part of the claim against it*." Civil Rule 14(a)(1) (emphasis added). Thus, a third-party complaint is proper when a defendant contends that the third party is liable to that defendant for the plaintiff's claim against that defendant. "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). Thus, "while Rule 14 provides the procedural mechanism for the assertion of a claim for contribution or indemnity, there must also exist a substantive basis for the third-party defendant's liability" to the third-party plaintiff. *Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989).

Trustee named Davis as a defendant solely to obtain a declaration that Davis has no personal interest in or claim to the $40,000 she sought (and quickly

---

[10] These Civil Rules apply here by virtue of incorporation by Rules 7014 and 7012(b) respectively.

MEMORANDUM OF DECISION - 7

recovered) from Karass. As the law relates to this case, Davis's TPC is proper only if the Third-party Defendants are liable *to Davis* for all or part of whatever Trustee seeks *from Davis*. But Trustee's complaint does not seek an affirmative recovery from Davis.[11] She has already obtained possession of the $40,000 at issue, and simply seeks a determination that the same is property of the estate free of the claims of others. Davis's TPC is not properly brought against any of the Third-party Defendants under Civil Rule 14. The motions seeking dismissal are well taken.

### C. Standing

Davis asserts that not only was he personally harmed by the conduct of the Third-party Defendants, Debtor was also harmed.[12] However, several parties argued Davis lacks standing to bring claims on behalf of Debtor. A plaintiff has standing if he or she "is the proper party to bring the matter to the court for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). In general, trustees are the exclusive parties possessing the right to sue on behalf of the bankruptcy estate. *Estate of Spritos v. One San Bernardino County Superior Court*, 443 F.3d 1172, 1175 (9th Cir. 2006). In certain

---

[11] *See* Adv. Doc. No. 1 at 6 (asserting Trustee's "second claim for relief" against Saito and Davis under the Declaratory Judgments Act).

[12] It seems that in many ways Davis believes Debtor was simply collateral damage—injured by the Third-party Defendants in their efforts to harm Davis personally. In other aspects, his claims suggest a direct targeted injury to Debtor.

MEMORANDUM OF DECISION - 8

circumstances, the trustee may authorize others to bring suit, but the right to bring the suit belongs to the trustee in the first instance. *Id*. A party lacks standing to pursue a claim on behalf of the bankruptcy estate unless that party obtains authorization to sue from the trustee or the court. *Id*. at 1176. Even if a creditor obtains the permission of the bankruptcy court to bring a claim for relief, the complaint must be commenced in the name of the bankruptcy estate, not in the name of the individual creditor. *See Hansen v. Finn (In re Curry & Sorensen, Inc.)*, 57 B.R. 824, 828–29 (BAP 9th Cir. 1986).

Davis, as a creditor of the estate, a party in interest, or otherwise, has no standing to bring claims on behalf of the Debtor and/or the bankruptcy estate. While any such claims embedded in the TPC could be dismissed on such basis, that problem is mooted by dismissal for failure to meet Civil Rule 14 discussed above and, more significantly, for lack of jurisdiction, as discussed below.

### D. Jurisdiction

The motions to dismiss assert the Court lacks subject matter jurisdiction over Davis's claims against the Third-party Defendants, and the TPC should be dismissed for lack of such jurisdiction under Civil Rule 12(b)(1). Faced with Civil Rule 12(b)(l) motions regarding his TPC, Davis bears the burden of proving the existence of the Court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

A jurisdictional challenge under Civil Rule 12(b)(1) may be "facial" or

MEMORANDUM OF DECISION - 9

"factual." The former asserts that the allegations in the complaint (here the TPC) are insufficient on their face to invoke federal jurisdiction. The latter disputes the truth of allegations that, by themselves, would otherwise invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The motions here assert a facial attack, and the Court thus must presume the factual allegations of the TPC to be true and construe them in the light most favorable to Davis. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Even so, that construction does not save the TPC from dismissal.

In addressing bankruptcy court jurisdiction, this Court recently stated:

> Congress conferred "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" on the federal district courts. 28 U.S.C. § 1134(b). Congress allows district courts to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to bankruptcy courts. 28 U.S.C. § 157(a). In Idaho, the District Court made such a referral. *See* Third Amended General Order No. 38 (D. Idaho 1995).
>
> In bankruptcy, the terms "arising under" and "arising in" are "terms of art." *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)*, 935 F.2d 1071, 1076 (9th Cir. 1991). As explained in *Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124 (9th Cir. 2010):
>
>> A matter "arises under" the Bankruptcy Code if its existence depends on a substantive provision of bankruptcy law, that is, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code. *In re Harris*, 590 F.3d at 737[13]; *Eastport Assocs. v. City of L.A. (In re Eastport Assocs.)*,

---

[13] *Harris v. Wittman (In re Harris)*, 590 F.3d 730 (9th Cir. 2009).

MEMORANDUM OF DECISION - 10

> 935 F.2d 1071, 1076 (9th Cir. 1991) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987)); *Collier on Bankruptcy* § 3.01[3][c][I].

*Id.* at 1131. *Ray* also addresses what sort of proceedings "arise in" a bankruptcy case for jurisdictional purposes:

> A proceeding "arises in" a case under the Bankruptcy Code if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code. *See In re Marshall*, 600 F.3d at 1054–55[14]; *Collier on Bankruptcy* § 3.01[3][c][iv].

*Id.* Proceedings "arising under title 11 or arising in a case under title 11" are "core" and, if referred, the bankruptcy court may enter final orders and judgments subject to review under 28 U.S.C. § 158. *See* 28 U.S.C. § 157(b)(1).

*Wisdom v. Gugino (In re Wisdom)*, 2015 WL 2128830, *6 (Bankr. D. Idaho May 5, 2015).

Despite the TPC's allegations, *see* Adv. Doc. No. 39 at 4, Davis's claims are clearly neither "arising under" nor "arising in" matters and are not core proceedings. Nor are they "related to" proceedings. In *Wisdom*, this Court explained:

> [A] bankruptcy court "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," as provided in 28 U.S.C. § 157(c)(1). But in doing so, unless the parties consent to the bankruptcy court entering final orders and judgments, it must submit proposed findings of fact and conclusions of law to the

---

[14] *Marshall v. Stern (In re Marshall)*, 600 F.3d 1037 (9th Cir. 2010).

MEMORANDUM OF DECISION - 11

district court, and final orders and judgments are entered by the district court after de novo review of those matters to which parties have timely and specifically objected. *Id*. A proceeding is "related to" the bankruptcy when:

> the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Marshall*, 600 F.3d at 1055 (quoting language from *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) commonly referenced as the *Pacor* test). *See also Sea Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries Dev. Assoc.,)*, 439 F.3d 545, 547 (9th Cir. 2006) (recognizing the adoption of the *Pacor* test).

In *Celotex Corp v. Edwards*, 514 U.S. 300 (1995), the Supreme Court noted the comprehensive nature of the Congressional grant of jurisdiction over such "related to" matters, but it acknowledged that such grant "cannot be limitless." *Id.* at 308. The Supreme Court recognized that the *Pacor* test was an attempt to strike a balance and was widely adopted by a number of circuits. *Id.* at n.6. *Celotex Corp.* also recognized that "[t]he [related to] jurisdiction of the bankruptcy courts may extend more broadly" when dealing with a chapter 11 reorganization than with a chapter 7 liquidation. *Id.* at 310.

*Id.* at *6–7 (some footnotes omitted).[15]

Davis's contentions about his injuries at the hands of the Third-party

---

[15] "Related to" jurisdiction includes (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. §541 and (2) suits between third parties that have an effect on the bankruptcy estate. *Vacation Village, Inc. v. Clark County, Nev.*, 497 F.3d 902, 911 (9th Cir. 2007). When, as here, the case does not fall in the first category, courts are to focus on the closeness of the relationship between the proceeding and the bankruptcy estate. *Id.* An action is related to the bankruptcy if the "outcome could alter the debtor's rights, liabilities, options, or freedom of contract (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005).

MEMORANDUM OF DECISION - 12

Defendants are not "related to" matters under the provisions of Title 28 and the case law. Their outcome has no effect on Debtor's bankruptcy estate; the claimed damages and right to relief, if established, inures to Davis's benefit alone. And, to the extent any of the alleged conduct of all these various parties could impact Debtor in any sense (*i.e.*, conduct that injured Saito Brothers Inc. or otherwise altered that specific entity's rights, liabilities, etc.), Trustee is the sole party with the authority and standing to assert a right to relief.

Even absent the contentions raised by the Third-party Defendants, this Court has the ability to address the jurisdictional defects in Davis's TPC. Again, from *Wisdom*:

> Notwithstanding the parties' contentions, "The bankruptcy court clearly has the power in the first instance to determine whether it has jurisdiction to proceed." *In re UAL Corp.*, 336 B.R. 370, 372 (Bankr. N.D. Ill. 2006) (quoting *Visioneering Const. & Dev. Co. v. United States Fid. & Guar. (In re Visioneering Const.)*, 661 F.2d 119, 122 (9th Cir. 1981)). Indeed, it must determine if it has jurisdiction. It is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue. *Mansfield, Coldwater & Lake Michigan Railway v. Swan*, 111 U.S. 379, 382 (1884); *Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir. 1983); *Cohen v. Property Owners Comm. of Rancho Ruidoso Valley Estates, et al. (In re Cohen)*, 2012 WL 1192779, *2 (Bankr. D.N.M. Apr. 10, 2012).
>
> Under 28 U.S.C. § 157(b)(3), "the bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." And, under Civil Rule 12(h)(3), incorporated by Bankruptcy Rule 7012(b), "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

MEMORANDUM OF DECISION - 13

*Id.* at *7.

Davis's TPC raises claims that are not within the subject matter jurisdiction of this Court. The motions of the Third-party Defendants on this ground are well taken. Under those motions, and under the Court's independent power and obligation as reflected by 28 U.S.C. § 157(b)(3), and pursuant to Civil Rule 12(b)(1) and 12(h)(3), the TPC will be dismissed.

### E. Vexatious litigant request

Within the motion to dismiss, Third-party Defendants Monson, Corporation of the President of the LDS Church, Deseret Management Corporation and Bybee seek an order from the Court declaring Davis to be a vexatious litigant. Adv. Doc. No. 62 at 11–15. When asked at hearing if this relief would still be sought if the TPC were to be dismissed, their counsel said it would. There is obviously a long-history of litigation between Davis and these parties, as reflected by the motion and its attachments. And counsel urged this Court to consider such a request even though multiple vexatious litigant orders imposed on Davis by other courts did not deter his filing and advocating the TPC.

In this case, a vexatious litigant order might be appropriate were the disputes between these parties to continue before this Court. However, no claims between Davis and these (or other) Third-party Defendants will survive in this adversary proceeding. Thus, the Court deems the request for such a determination

MEMORANDUM OF DECISION - 14

rendered moot, and it will be denied on that basis.

### F. Attorneys' fees and costs

J.R. Simplot Company requests an award of attorneys' fees pursuant to Idaho Code § 12-121. Adv. Doc. No. 58 at 18–19.[16] Others make similar, though sometimes generic, requests.

In federal courts, attorney fees ordinarily are not recoverable by the prevailing party in an action except when provided for by contract or by statute. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). In addition, there is no general right to recover attorneys' fees under the Bankruptcy Code. *Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). Instead, whether fees may be awarded in bankruptcy proceedings generally depends, in part, on whether the case involves state or federal claims and whether the applicable law allows such fees. "[A] prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *Id.*; *see also Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1126–27 (9th Cir. 1996).

---

[16] Idaho Code § 12-121 provides that "In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties[.]" Idaho Rule of Civil Procedure 54(e)(2) (July 1, 2016) limits such discretion to those instances where the case was "brought, pursued or defended frivolously, unreasonably or without foundation." As discussed in *Hoffer v. Shappard*, ___ P.3d ___, 2016 WL 5416325, *12–15 (Idaho September 28, 2016), that provision of the rule will be rescinded effective March 1, 2017.

MEMORANDUM OF DECISION - 15

Though the nature of Davis's TPC claims speak at times to state law claims for damages or other relief, and at other times to federal statute (such as RICO), the Court is not adjudicating them. Recall, this was a "facial" challenge to jurisdiction under Civil Rule 12(b)(1). The Court's dismissal of the TPC is on the basis that its claims are not cognizable under Civil Rule 14 and that Davis lacks the ability to raise—and the Court the jurisdiction to adjudicate—those claims. The nature of the matter presented, and the disposition of the dismissal motions, is based on federal law (*i.e.*, Title 28 provisions, applicable Federal Rules, and relevant federal case law). Accordingly, state law including Idaho Code § 12-121 does not apply. For that reason, and because the Court has not been presented with an argument supporting an award of fees under federal statute, all requests for attorney fees will be denied.

Costs are allowable to the prevailing Third-party Defendants. Rule 7054(b)(1); LBR 7054.1. Any costs sought must be asserted in compliance with such rules.

### G. Davis's Motion to Strike

In response to Trustee naming Davis as a defendant in the adversary proceeding, Davis filed a counterclaim against Trustee. Trustee answered Davis's counterclaim, and Davis subsequently asserted a motion to strike Trustee's answer under Civil Rule 12(f).

Rule 12(f) provides that the court "may order stricken from any pleading

MEMORANDUM OF DECISION - 16

any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike under Civil Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "The Court . . . will deny the motion if the challenged defenses have any relation to the subject matter of the controversy, could be held to in any manner defeat the plaintiff's claim, or if it fairly presents any question of fact or law." *Sokoli v. J&M Sanitation, Inc.*, 2015 WL 7720466, at *1 (D. Idaho 2015).

The Court has carefully reviewed Trustee's answer to Davis's counterclaim. Each of Trustee's eleven asserted defenses directly relates to the allegations made in Davis's counterclaim and withstand the test for striking a pleading. Therefore, Davis's Motion to Strike Trustee's answer to counterclaim will be denied.[17]

**CONCLUSION**

Davis's TPC asserts claims that are inconsistent with the requirements and limitations of Civil Rule 14. More critically, this Court lacks subject matter jurisdiction to hear Davis's TPC. Accordingly, the motions to dismiss by the Third-party Defendants will be granted, and the TPC shall be dismissed in its

---

[17] The Motion to Strike also contends that Civil Rule 12(f) supports striking the answers to the TPC filed by the Third-party Defendants. However, the quality of the answers filed by some of the Third-party Defendants (most did not answer but instead sought dismissal of the TPC) is an issue rendered moot by the Court's decision to dismiss the TPC on jurisdictional grounds.

MEMORANDUM OF DECISION - 17

entirety. Davis's Motion to Strike will be denied. An appropriate order will be entered.

DATED: October 27, 2016

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 18